# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LEE GAINES, | ) 1:16-cv-001666-AWI-BAM (PC) |
| | ) |
| | ) SCREENING ORDER DISMISSING |
| Plaintiff, | ) COMPLAINT WITH LEAVE TO AMEND |
| | ) |
| v. | ) (ECF No. 1) |
| | ) |
| E.G. BROWN, JR, et al., | ) THIRTY-DAY DEADLINE |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

Plaintiff Mary Lee Gaines ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on November 3, 2016, is currently before the Court for screening. (Doc. 1).

**<u>Screening Requirement</u>**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**Summary of Plaintiff's Allegations**

Plaintiff is currently housed at Central California Women's Facility. The events in the complaint are alleged to have occurred while Plaintiff was housed Central California Women's Facility. Plaintiff names the following defendants: E.G Brown, Jr., Governor; S. Kernon, Secretary Director; S. Lwin, M.D.; Zaragoza, RN; Edward; King CNA; Jackson RN; Ray CNA; R. Mitchell, M.D.; Suedue; K. Miller; T. Boswell, RN; Kane, RN; M. Mirelez, RN; Ririgus CNA; Hotsue, CNA; L. Vance, SRN II; Wurztler; J. Mbeneya, RN; Hoehing, RN; Seretona, CNA; Tylers; Taislyn; Smith; and DOES 1-50. Plaintiff sues each defendant individually and in their official capacity.

Plaintiff alleges as follows. On July 12 and 13, 2013, Defendant Kane failed to provide Plaintiff with a breathing treatment in a timely manner when Plaintiff was having trouble breathing. She informed Defendant Kane she was having difficulty breathing and Defendant Kane told her that treatments were changed and that breathing treatments would not be given

2

1  even if a medical emergency.  Plaintiff suffered breathing difficulties because she did not get the
2  treatment. (Doc. 1 ¶33.)

3       On February 10, 2014, Plaintiff was having an asthma attack and she hit the emergency
4  call light but Defendant Mbeneya failed to respond and did not respond until 35 minutes later
5  letting Plaintiff suffer breathing problems.  On February 11, 2014 at noon, Plaintiff again was
6  having breathing problems and hit the emergency call light but Defendant Mirelez failed to
7  respond and responded late and in an untimely manner and told Plaintiff that Defendant Mirelez
8  cannot give Plaintiff a breathing treatment.  Plaintiff requested her medications but defendant
9  said that Defendant was not going to give Plaintiff her medications.  Later that same day,
10 Plaintiff had another asthma attack and hit the emergency call light but Defendant Mirelez and
11 Hoehing failed to respond and Plaintiff began vomiting.  Plaintiff passed out.  When Defendant
12 Hoehing appeared Plaintiff told Defendant Hoehing Plaintiff had an asthma attack but Defendant
13 just left and did not do anything.  In the evening Plaintiff suffered another asthma attack and hit
14 the emergency light again and again began vomiting.  Defendant Seretona responded and took
15 Plaintiff's blood pressure.  (Doc. 1 ¶¶33, 34, 35.)

16      On February 12, 13, and 14, 2014, Plaintiff had asthma attacks and difficulties breathing
17 and she pushed the emergency call light but Defendant Hoehing, Seretona, Mbenaya, Mirelez,
18 Lwin, Tylers and Mitchel failed to respond and allowed Plaintiff to suffer.

19      On July 2, 3, and 7, 2014, Plaintiff asked for her medications and for a breathing
20 treatment from defendant Taislyn, Mbeneya, and Seretona who all began verbally abusing and
21 verbally harassing Plaintiff and failed to give her medications or breathing treatment.  (Doc. 1
22 ¶¶36, 37.)

23      On July 7, 2014 at 6:05pm plaintiff had breathing problems and asthma attack and hit the
24 emergency call light but Defendants Mbeneya and Seretona failed to respond.  Plaintiff became
25 dizzy and her nose started bleeding.  (Doc. 1 ¶38.)

26      On February 16, 2015 at 9:30 pm Plaintiff began having breathing problems again and
27 Plaintiff started banging on her door.  An officer came and told her to stop banging and left.
28 Plaintiff pushed the emergency call, screamed for help, but no one responded and she began

knocking on the door again with her cup until she passed out. (Doc. 1 ¶38B.) On February 16, 2015, Defendant Edward threatened to retaliate against Plaintiff with a room move if Plaintiff complained about this incident.

On May 12, 15, 18, 21, 26, 27, 28, 29, 30, 31, and June 1, 2, 16, 19, 25 and on July 5, 2015, Plaintiff had medical emergencies of breathing difficulties, shortness of breath and gasping for breath and needed breathing treatments and Plaintiff hit the emergency call light each time but Defendant Ririgus, Hotsue, Vance, Kane and Ray did not respond. Plaintiff suffered chest, throat, lung pain, headaches, vomiting, among other injuries. (Doc. 1 ¶40.)

On June 16, and 19, 2015, Plaintiff submitted two medical request slips informing Defendant Mitchell and Lwin that Plaintiff was suffering from improper breathing, vomiting, pain, high blood pressure because defendants Ririgus, Hotsue, Vance, Kane and Ray failed to give prescribed medications and breathing treatments. Defendants Mitchell and Lwin ignored the medical request slips and failed to respond. (Doc. 1 ¶41.)

On June 25, 2015, plaintiff again was having breathing difficulties and Defendants Lwin and Mitchell transferred Plaintiff to Madera General Hospital. When she was released a few days later on June 29, 2015, Defendant Lwing and Mitchell failed to provide Plaintiff an oxygen tank when Plaintiff was having difficulty breathing. (Doc. 1 ¶42.)

On November 5, 15, 22, 24 and 25, 2015, Plaintiff had breathing difficulties and shortness of breath and she required a breathing treatment and she hit the emergency call. Defendants Miller, Boswell, and Suedue failed to respond. (Doc. 1 ¶43.)

On November 26, 2015 at 5:00 pm, Plaintiff had breathing difficulties and requested breathing treatment from defendant Suedue but Suedue refused the treatments. At 7:00 pm, Plaintiff had an asthma attack and she pushed the emergency call light and fell to the floor. Defendant Suedue came to the cell but refused to help Plaintiff off the floor. Defendants Miller, Boswell, and Suedue failed to give Plaintiff a breathing treatment. (Doc. 1 ¶44.)

On November 28, 2015, at 5:45 am, Plaintiff had breathing difficulties and shortness of breath and hit the emergency call light and starting hitting the door with her cup because

1  Defendants Miller and Boswell failed to respond.  When they came to the cell, they did not help

2  her up off the floor and did not give her treatment. (Doc. 1 ¶45.)

3       On December 2, 4, 6, 8, 9, 10, 16, 17, 19, and 22, 2015, Plaintiff was having breathing

4  difficulties and shortness of breath and required breathing treatment, and when she hit the ER

5  call light, Defendant Miller, Boswell and Suedue failed to respond. (Doc. 1 ¶46.)

6       On January 25, 2016, Plaintiff was having breathing difficulties and shortness of breath,

7  and Defendant Wurztler entered Plaintiff's room and said that Defendant was not going to wear a

8  glove when handling Plaintiff's medications and was not going to give Plaintiff any breathing

9  treatments.  Defendant Wurztler took her bare ungloved finger and stirred plaintiff's cup of

10  medications and Plaintiff refused to consume the medications. (Doc. 1 ¶47.)

11       Plaintiff claims the various defendants are responsible under the Eighth Amendment for

12  deliberate indifference for failure to respond in a timely manner to plaintiff's medical emergency

13  requests (Doc. 1 ¶51); and for failing to provide Plaintiff with medically prescribed breathing

14  treatment or medical assistance (Doc. 1 ¶52).  Plaintiff also alleges state law claims of medical

15  negligence and professional negligence.  Plaintiff also asserts a claim for violation of the Eighth

16  Amendment for unsafe prison conditions against Defendants Brown, Lwin, M.D. and Mitchell,

17  M.D. based on unconstitutional prison overcrowding, which caused the remaining defendants to

18  be deliberately indifference to Plaintiff's medical needs. (Doc. 1 ¶¶59, 60.)

19       Plaintiff requests a preliminary and permanent injunction against defendants retaliating

20  against plaintiff, including transferring and allowing Plaintiff to communicate with other

21  prisoners on issues related to the complaint.  Plaintiff seeks compensatory damages of

22  $610,000.00 and punitive damages of $1,000,000.00

23  **Discussion**

24  **1. Linkage Requirement**

25  The Civil Rights Act under which this action was filed provides:

26      Every person who, under color of [state law]...subjects, or causes to be subjected,
    any citizen of the United States...to the deprivation of any rights, privileges, or
27      immunities secured by the Constitution...shall be liable to the party injured in an
    action at law, suit in equity, or other proper proceeding for redress.
28

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S. Ct. 598, 46 L.Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Of the twenty-four Defendants named in the amended complaint, not all are described in the factual allegations as having participated in the violations of Plaintiff's rights. Defendants King, Jackson, Zaragoza, possibly others, are either not mentioned entirely in Plaintiff's summary of events or not sufficiently linked to the violations alleged.

The Court will provide an opportunity to amend. In order to state a cognizable claim, Plaintiff needs to set forth sufficient facts showing that each Defendant personally took some action that violated Plaintiff's constitutional rights. Sweeping conclusory allegations, that a defendant "did not respond" will not suffice; Plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights, as explained below. See *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir.1988).

### 2. Federal Rules of Civil Procedure 18 and 20

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are

properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not raise different claims against different defendants that are unrelated. The fact that all of Plaintiff's allegations are based on the same type of constitutional violation (i.e. deliberate indifference by different actors on different dates, under different factual events) does not necessarily make the claims related for purposes of Rule 18(a). Claims are related where they are based on the same precipitating event, or a series of related events caused by the same precipitating event. Plaintiff many not bring in one case all claims she has arising from different breathing emergencies arising on different dates, spanning multiple years, involving different defendants. Unrelated claims involving multiple defendants belong in different suits. See *George*, 507 F.3d at 607. The presence of multiple continuing medical conditions does not make all allegations against every medical provider who treated Plaintiff related. See *Mwasi v. Corcoran State Prison*, 2016 WL 5210588, at \*3 (E.D. Cal. May 20, 2016), report and recommendation adopted sub nom., *Mwasi v. Prison*, 2016 WL 5109461 (E.D. Cal. Sept. 19, 2016). Plaintiff will be granted leave to amend. Plaintiff is cautioned that if she fails to elect which category of claims to pursue and here amended complaint sets forth improperly joined claims, the Court will determine which claims should proceed and which claims will be dismissed. *Visendi v. Bank of America, N.A.,* 733 F3d 863, 870-71 (9th Cir. 2013).

**3. Supervisor Liability**

In general, Plaintiff may not hold a defendant liable solely based upon their supervisory positions. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); accord *Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Plaintiff may also allege the supervisor "implemented a policy so

deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.' " *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted).

Plaintiff names various individuals as Defendants who hold supervisory level positions. However, Plaintiff is advised that a constitutional violation cannot be premised solely on the theory of respondeat superior, and Plaintiff must allege that the supervisory Defendants participated in or directed conduct associated with her claims or instituted a constitutionally deficient policy.

### 4. Eighth Amendment

Plaintiff claims that, on multiple occasions, each of the Defendants has been, in one way or another, deliberately indifferent to her medical needs. Though the Court declines to consider whether Plaintiff has stated a claim against each of named Defendants due to the linkage deficiency and joinder deficiency, the Court provides Plaintiff with the following legal standards to guide her should she choose to file an amended complaint.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096. "Deliberate indifference is a high legal standard," *Simmons v. Navajo County Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi*, 391 F.3d at 1060, and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm, *Jett*, 439 F.3d at 1096. The prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.' *Toguchi*, 392 F.3d at 1057, quoting *Farmer v. Brennan*, 511 U.S. 825,

837 (1994). "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." *Id*., quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002). Negligence, inadvertence, or differences of medical opinion between the prisoner and health care providers, however, do not violate the Eighth Amendment. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Lyons v. Busi*, 566 F.Supp.2d 1172, 1191-1192 (E.D. Cal. 2008). Plaintiff is cautioned that sweeping allegations that a defendant failed to respond does not factually allege that the prison official was "aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' and that person drew the inference.

### 5. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); see also *Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); accord *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997). Mere speculation that defendants acted out of retaliation is not sufficient. *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014) (citing cases) (affirming grant of summary judgment where no evidence that defendants knew about plaintiff's prior lawsuit, or that defendants' disparaging remarks were made in reference to prior lawsuit).

1       Plaintiff appears to be attempting to assert a claim for retaliation in violation of the First

2  Amendment against Defendant Edward for threatening to move Plaintiff's room. As a basic

3  matter, Plaintiff alleges conclusory statements.  Plaintiff fails to adequately allege the protected

4  right she was allegedly engaged in that such action chilled her exercise of her First Amendment

5  right. And Plaintiff's conclusory allegations as to each element are not sufficient. A plaintiff

6  suing for retaliation under section 1983 must allege that "he was retaliated against for exercising

7  his constitutional rights and that the retaliatory action does not advance legitimate penological

8  goals, such as preserving institutional order and discipline." *Barnett v. Centoni*, 31 F.3d 813, 816

9  (9th Cir. 1994).  Further, joinder of this claim with plaintiff's claims against the other defendants

10  is improper.

11       **6.  Official Capacity Claims**

12       Plaintiff seeks damages and injunctive relief from the Defendants in their individual and

13  official capacities.

14       The Eleventh Amendment bars federal suits for violations of federal law against state

15  officials sued in their official capacities for damages and other retroactive relief. *Quern v.*

16  *Jordan*, 440 U.S. 332, 337 (1979); *Peralta v. Dillard*, 744 F.3d 1076, 1084 (9th Cir. 2014) (en

17  banc); *Pena v. Gardener*, 976 F.2d 469, 472 (9th Cir. 1992). The Eleventh Amendment also bars

18  federal suits for violations of state law against state officials sued in their official capacity for

19  retrospective and prospective relief. *Pennhurst State School & Hospital v. Halderman*, 465 U.S.

20  89 (1984); *Pena*, 976 F.2d at 473. However, the Eleventh Amendment does not bar federal suits

21  against state officers sued in their official capacities for prospective relief based on an ongoing

22  violation of plaintiff's federal constitutional or statutory rights. *Edelman v. Jordan*, 415 U.S. 651

23  (1974); *Ex Parte Young*, 209 U.S. 123, 159-60 (1908); *Central Reserve Life of North America*

24  *Ins. Co.*, 852 F.2d 1158, 1161 (9th Cir. 1988). Thus, the Eleventh Amendment does not preclude

25  suits against state officials for injunctive relief. See *Idaho v. Coeur d'Alene Tribe of Idaho*, 521

26  U.S. 261, 269 (1997); *Ex Parte Young*, 209 U.S. 123 (1908). In addition, the Eleventh

27  Amendment does not bar federal suits for violations of federal law or state law against state

28  officials sued in their individual capacities for damages. *Scheuer v. Rhodes*, 416 U.S. 232, 238

(1974); *Ashker v. California Dep't. of Corrections*, 112 F.3d 392, 394 (9th Cir. 1997); Pena, 976 F.2d at 473-74.

Pursuant to this legal framework, Plaintiff is barred by the Eleventh Amendment from seeking damages from any of the Defendants in their official capacities, though she may seek prospective injunctive relief against them, assuming for the moment that Plaintiff is able to state a cognizable constitutional violation. Plaintiff is not barred from proceeding against the Defendants in their individual capacities.

### 7. Constitutional Claim based upon <u>Plata</u> and <u>Coleman</u>

Plaintiff alleges that defendants Brown and Kernon were aware of severe overcrowding and a lack of medical staff, and were put on notice of these conditions due to the filing of lawsuits, including <u>*Plata v. Schwarzenegger*</u>, et al., C01–1351–TEH (N.D. Cal. Jan. 23, 2008) and <u>*Coleman v. Brown*</u>. Plaintiff further alleges that these Defendants were aware of overcrowding that affected medical treatment and care of inmates. (Doc. 1 ¶32, 60.). All of these allegations are made in a conclusory fashion, without supporting facts.

To the extent that Plaintiff is attempting to base a claim on alleged violations the Receiver's Plan for Provision of Constitutional Care, as arose out of <u>*Plata v. Schwarzenegger*</u>, such violations do not provide an independent basis for damages in this action. See *Cagle v. Sutherland*, 334 F.3d 980, 986–87 (9th Cir. 2003) (consent decrees often go beyond constitutional minimum requirements, and do not create or expand rights); *Green v. McKaskle*, 788 F.2d 1116, 1123 (5th Cir. 1986) (remedial decrees remedy constitutional violations but do not create or enlarge constitutional rights). "[R]emedial orders...do not create 'rights, privileges or immunities secured by the Constitution and laws' of the United States." *Hart v. Cambra*, 1997 WL 564059, *5 (N.D. Cal. Aug. 22, 1997) (quoting *Green*, 788 F.2d at 1123–24). There is no authority that Plata does creates the custom or practice necessary for liability under § 1983.

Allegations of prison overcrowding alone are insufficient to state a claim under the Eighth Amendment. See *Balla v. Idaho State Bd. of Corr.,* 869 F.2d 461, 471 (9th Cir. 1989); see also *Rhodes v. Chapman*, 452 U.S. 337, 348–49 (1981) (double-celling of inmates by itself does not inflict unnecessary or wanton pain or constitute grossly disproportionate punishment in

violation of Eighth Amendment). An overcrowding claim is cognizable only if the plaintiff alleges that crowding has caused an increase in violence, has reduced the provision of other constitutionally required services, or has reached a level rendering the institution no longer fit for human habitation. See *Balla*, 869 F.2d at 471; *Hoptowit v. Ray*, 682 F.2d at 1248–49 (noting that overcrowding itself not Eighth Amendment violation but can lead to specific effects that might violate Constitution), abrogated in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995). Furthermore, the remedial decree in Plata to reduce prison populations does not create a substantive right for purposes of a civil rights action. See *Hooker v. Kimura–Yip*, 2012 WL 4056914, at *3 (E.D.C. A Sept. 14, 2012) (finding that remedial orders in Plata did not provide "independent cause of action" under § 1983 because they did not "have the effect of creating or expanding plaintiff's constitutional rights"); *Yocom v. Grounds*, 2012 WL 2254221, at *6 (N.D. Cal. June 14, 2012) (same).

Plaintiff alleges conclusory statements and does not allege facts indicating that the overcrowding as applied to Plaintiff in particular resulted in a level no longer fit for human habitation or reduced the provision of constitutional services.

### 8. Declaratory Relief

In addition to damages, Plaintiff seeks declaratory relief. Plaintiff's claims for damages necessarily entail a determination of whether her rights were violated, and therefore, her separate request for declaratory relief is subsumed by those claims. *Rhodes v. Robinson*, 408 F.3d 559, 566 n. 8 (9th Cir. 2005).

### 9. State Tort Claim

To the extent plaintiff is attempting to bring a state tort claim for negligence, she fails to state a claim. The statute of limitations is an affirmative defense, not a pleading requirement. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), overruled on other grounds *Albino v. Baca*, 747 F.3d 1162 (2014); *Aryeh v. Canon Bus. Solutions, Inc*., 55 Cal. 4th 1185, 1191 (Cal. 2013). However, under California law, the timely presentation of a claim under the California Tort Claims Act is a condition precedent and therefore is an element of the cause of action that

must be pled in the complaint. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 209 (Cal. 2007) (quoting *State v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1240, 1245 (Cal. 2004)).

The complaint fails to allege any facts showing that plaintiff has complied with the California Tort Claims Act or that her compliance was excused. Accordingly, negligence claims are dismissed with leave to amend.

10. **Doe Defendants**

Plaintiff names DOES defendants. Generally, the use of Doe defendants is disfavored in federal court. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 E.2d 637, 642 (9th Cir. 1980)). The Court cannot order the Marshal to serve process on any Doe defendants until such defendants have been identified. See, e.g., *Castaneda v. Foston*, No. 1:12-cv-00026 WL 4816216, at *3 (E.D. Cal. Sept. 6, 2013). Plaintiff must first state a cognizable claim. Additionally, Plaintiff must distinguish between Doe defendants by, for example, referring to them as "John Doe 2," "John Doe 3," and so on, and describe what each did or failed to do to violate Plaintiff's rights. See *Ingram v. Brewer*, No. 1:07-cv-00176-OWW-DLB, 2009 WL 89189 (E.D. Cal. January 12, 2009) ("In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.").

## CONCLUSION AND ORDER

Plaintiff's complaint fails to state a cognizable claim for relief against any of the named defendants. As Plaintiff is proceeding pro se, she will be given an opportunity to amend her complaint to cure the identified deficiencies to the extent she is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations

must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey*, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed with leave to amend for failure to state a claim upon which relief can be granted;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint;

4. **If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:  __**June 7, 2017**__                    ___/s/ *Barbara A. McAuliffe*_____
                                        UNITED STATES MAGISTRATE JUDGE