# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LEE GAINES,<br><br>        Plaintiff,<br><br>  v.<br><br>E.G. BROWN, JR, et al.,<br><br>        Defendants. | 1:16-cv-001666-AWI-BAM (PC)<br><br>ORDER FINDING COGNIZABLE CLAIMS AGAINST DEFENDANTS MIRELEZ AND HOEHING<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ALL OTHER CLAIMS AND DEFENDANTS<br><br>THIRTY-DAY DEADLINE |

Plaintiff Mary Lee Gaines ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's first amended complaint, filed on September 13, 2017, is currently before the Court for screening. (ECF No. 17).

**<u>Screening Requirement</u>**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**Summary of Plaintiff's Allegations**

Plaintiff is currently housed at Central California Women's Facility ("CCWF"). The events in the complaint are alleged to have occurred while Plaintiff was housed at CCWF. Plaintiff names the following defendants: S. Lwin, M.D.; Zaragoza, RN; Ray CNA; R. Mitchell, M.D.; Suedue; K. Miller; T. Boswell, RN; Kane, RN; M. Mirelez, RN; Ririgus CNA; Hotsue, CNA; L. Vance, SRN II; Wurztler; J. Mbeneya, RN; Hoehing, RN; Seretona, CNA; Tylers; Taislyn; and King, CNA. Plaintiff alleges each defendant was medically indifferent to her medical needs. Plaintiff sues each defendant individually and in their official capacity.

Plaintiff alleges as follows. Each defendant is on the medical staff assigned to CCWF and is responsible for medical treatment and care of inmates. On February 10, 2014, Plaintiff was having an asthma attack and she hit the emergency call light, but Defendant Mbeneya failed to respond and did not respond until 35 minutes later letting Plaintiff suffer breathing problems. On February 11, 2014 at noon, Plaintiff again was having breathing problems and hit the emergency

call light, but Defendant Mirelez failed to respond and responded late and in an untimely manner and told Plaintiff that Defendant Mirelez cannot give Plaintiff a breathing treatment. Plaintiff requested her medications but Defendant said that Defendant was not going to give Plaintiff her medications. Later that same day, Plaintiff had another asthma attack and hit the emergency call light but Defendant Mirelez and Hoehing failed to respond and Plaintiff began vomiting. When Defendant Hoehing appeared Plaintiff told Defendant Hoehing Plaintiff had an asthma attack but Defendant just left and did not do anything. In the evening Plaintiff suffered another asthma attack and hit the emergency light again and again began vomiting. Defendant Seretona responded and took Plaintiff's blood pressure. (Doc. 17 ¶26.)

On February 12, 13, and 14, 2014, Plaintiff had asthma attacks and difficulties breathing and she pushed the emergency call light but Defendant Hoehing, Seretona, Mbenaya, Mirelez, and Tylers failed to respond and allowed Plaintiff to suffer.

On July 2, 3, and 7, 2014, Plaintiff asked for her medications and for a breathing treatment from defendant Taislyn, Mbeneya, and Seretona who all began verbally abusing and verbally harassing Plaintiff and failed to give her medications or breathing treatment. (Doc. 17 ¶28.)

On July 7, 2014 at 6:05pm, Plaintiff had breathing problems and asthma attack and hit the emergency call light but Defendants Mbeneya and Seretona failed to respond for an hour. (Doc. 17 ¶38.)

On February 16, 2015 at 9:30 pm Plaintiff began having breathing problems again and Plaintiff asked Defendant King to tell Defendant Zaragoza that Plaintiff needed a breathing treatment. Defendant King failed to tell Zaragoza or respond and Plaintiff blacked out and lost consciousness and woke up on the floor. Plaintiff screamed for help. (Doc. 17 ¶30.)

On May 12, 15, 18, 21, 26, 27, 28, 29, 30, 31, and June 1, 2, 16, 19, 25 and on July 5, 2015, Plaintiff had medical emergencies of breathing difficulties, shortness of breath and gasping for breath and needed breathing treatments and Plaintiff hit the emergency call light each time but Defendants Ririgus, Hotsue, Vance, Kane and Ray did not respond. She hit the door with a

cup to get the attention of Defendants and they did not respond. Plaintiff suffered chest, throat, lung pain, headaches, vomiting, among other injuries. (Doc. 17 ¶31.)

On June 16, and 19, 2015, Plaintiff submitted two medical request slips informing Defendant Mitchell and Lwin that Plaintiff was suffering from improper breathing, vomiting, pain, high blood pressure because Defendants Ririgus, Hotsue, Vance, Kane and Ray failed to give prescribed medications and breathing treatments. Defendants Mitchell and Lwin ignored the medical request slips and failed to respond. (Doc. 17 ¶32.)

On June 25, 2015, plaintiff again was having breathing difficulties and Defendants Lwin and Mitchell transferred Plaintiff to Madera General Hospital. When she was released a few days later on June 29, 2015, Defendant Lwing and Mitchell failed to provide Plaintiff an oxygen tank when Plaintiff was having difficulty breathing. (Doc. 17 ¶33.)

On November 5, 15, 22, 24 and 25, 2015, Plaintiff had breathing difficulties and shortness of breath and she required a breathing treatment and she hit the emergency call. Defendants Miller, Boswell, and Suedue failed to respond. (Doc. 17 ¶34.)

On November 26, 2015 at 5:00 pm, Plaintiff had breathing difficulties and requested breathing treatment from Defendant Suedue, but Suedue refused the treatments. At 7:00 pm, Plaintiff had an asthma attack and she pushed the emergency call light and fell to the floor. Defendant Suedue came to the cell but refused to help Plaintiff off the floor. Defendants Miller, Boswell, and Suedue failed to give Plaintiff a breathing treatment. (Doc. 17 ¶35.)

On November 28, 2015, at 5:45 am, Plaintiff had breathing difficulties and shortness of breath and hit the emergency call light and starting hitting the door with her cup because Defendants Miller and Boswell failed to respond. When they came to the cell, they did not help her up off the floor and did not give her treatment. (Doc. 17 ¶36.)

On December 2, 4, 6, 8, 9, 10, 16, 17, 19, and 22, 2015, Plaintiff was having breathing difficulties and shortness of breath and required breathing treatment, and when she hit the ER call light, Defendant Miller, Boswell and Suedue failed to respond. (Doc. 17 ¶37.)

On January 25, 2016, Plaintiff was having breathing difficulties and shortness of breath, and Defendant Wurztler entered Plaintiff's room and said that Defendant was not going to give

4

Plaintiff any breathing treatments. Defendant Wurztler took her bare ungloved finger and stirred plaintiff's cup of medications and Plaintiff refused to consume the medications. (Doc. 17 ¶39.)

Plaintiff claims the various defendants are responsible under the Eighth Amendment for deliberate indifference for failure to respond in a timely manner to Plaintiff's medical emergency requests (Doc. 17 ¶41); and for failing to provide Plaintiff with medically prescribed breathing treatments or medical assistance (Doc. 17 ¶42).

Plaintiff seeks compensatory damages of $610,000.00 and punitive damages of $1,000,000.00.

**Discussion**

**1. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S. Ct. 598, 46 L.Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Of the nineteen Defendants named in the amended complaint, not all are described in the factual allegations as having participated in the violations of Plaintiff's rights. Defendants Zaragoza, Ray, Miller, Boswell, Kane, Ririgius, possibly others, are not sufficiently linked to the violations alleged. Plaintiff has been cautioned that in order to state a cognizable claim, Plaintiff needs to set forth sufficient facts showing that each Defendant personally took some action that violated Plaintiff's constitutional rights. Plaintiff was cautioned that sweeping conclusory

allegations, that a defendant "did not respond" will not suffice; Plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights, as explained below. See *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir.1988). In the amended complaint Plaintiff has failed to comply with the linkage requirement and with Rule 8. *Iqbal*, 556 U.S. at 678 (Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'")

### 2. Federal Rules of Civil Procedure 18 and 20

Plaintiff has been cautioned that Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not raise different claims against different defendants that are unrelated. The fact that all of Plaintiff's allegations are based on the same type of constitutional violation (i.e. deliberate indifference by different actors on different dates, under different factual events) does not necessarily make the claims related for purposes of Rule 18(a). Claims are related where they are based on the same precipitating event, or a series of related events caused by the same precipitating event. Plaintiff many not bring in one case all claims she has arising from different breathing emergencies arising on different dates, spanning multiple years, involving different defendants. Unrelated claims involving multiple defendants belong in different suits. See *George*, 507 F.3d at 607. The presence of multiple continuing medical conditions does not make all allegations against every medical provider who treated Plaintiff related. See *Mwasi v. Corcoran State Prison*, 2016 WL 5210588, at *3 (E.D. Cal. May 20, 2016), report and

recommendation adopted sub nom., *Mwasi v. Prison*, 2016 WL 5109461 (E.D. Cal. Sept. 19, 2016).

Plaintiff, once again, alleges unrelated claims against unrelated defendants arising from different events spanning multiple years. Despite previously being cautioned, Plaintiff's amended complaint is largely unchanged. She again alleges numerous events from February 2014 through January 2016, involving different persons and different circumstances. These allegations, as between the original complaint and first amended complaint, are nearly identical, even though she had been warned that she could not allege these multiple events. Plaintiff had been cautioned that if she failed to elect which category of claims to pursue and her amended complaint sets forth improperly joined claims, the Court would determine which claims should proceed and which claims will be dismissed. *Visendi v. Bank of America, N.A.,* 733 F3d 863, 870-71 (9th Cir. 2013). The Court will determine which claims will proceed, as set out below.

### 3. Supervisor Liability

In general, Plaintiff may not hold a defendant liable solely based upon their supervisory positions. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); accord *Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Plaintiff may also allege the supervisor "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.' " *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted).

Plaintiff names various individuals as Defendants who hold supervisory level positions. However, Plaintiff is advised that a constitutional violation cannot be premised solely on the theory of respondeat superior, and Plaintiff must allege that the supervisory Defendants

participated in or directed conduct associated with her claims or instituted a constitutionally deficient policy.

### 4. Eighth Amendment

Plaintiff claims that, on multiple occasions, each of the Defendants has been, in one way or another, deliberately indifferent to her medical needs. The Court declines to consider whether Plaintiff has stated a claim against each of named Defendants due to the linkage deficiency and joinder deficiency. Plaintiff was informed that if she fails to elect which category of claims to pursue and her amended complaint sets forth improperly joined claims, the Court would determine which claims should proceed and which claims will be dismissed. *Visendi v. Bank of America, N.A.,* 733 F3d 863, 870-71 (9th Cir. 2013). The Court does so below.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096. "Deliberate indifference is a high legal standard," *Simmons v. Navajo County Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi*, 391 F.3d at 1060, and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm, *Jett*, 439 F.3d at 1096. The prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.' *Toguchi*, 392 F.3d at 1057, quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." *Id.*, quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002). Negligence, inadvertence, or differences of medical opinion between the prisoner and health care providers, however, do not

violate the Eighth Amendment. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Lyons v. Busi*, 566 F.Supp.2d 1172, 1191-1192 (E.D. Cal. 2008). Plaintiff was cautioned in a prior screening that sweeping allegations that a defendant failed to respond does not factually allege that the prison official was "aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists," and that person drew the inference.

Considering the allegations in the amended complaint, Plaintiff has stated a cognizable claim against Defendant Mirelez for not giving Plaintiff her breathing treatment on February 11, 2014, despite Plaintiff's need for the treatment and against Defendant Hoehing on February 11, 2014 for not assisting Plaintiff when defendant came to Plaintiff's cell and Plaintiff was having an asthma attack. Plaintiff alleges Defendant just left and did not do anything.

**5. Official Capacity Claims**

Plaintiff seeks damages from the Defendants in their individual and official capacities. Plaintiff has been told in the prior screening that she may not seek monetary damages from defendants in their official capacity.

The Eleventh Amendment bars federal suits for violations of federal law against state officials sued in their official capacities for damages and other retroactive relief. *Quern v. Jordan*, 440 U.S. 332, 337 (1979); *Peralta v. Dillard*, 744 F.3d 1076, 1084 (9th Cir. 2014) (en banc); *Pena v. Gardener*, 976 F.2d 469, 472 (9th Cir. 1992). The Eleventh Amendment also bars federal suits for violations of state law against state officials sued in their official capacity for retrospective and prospective relief. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984); *Pena*, 976 F.2d at 473. However, the Eleventh Amendment does not bar federal suits against state officers sued in their official capacities for prospective relief based on an ongoing violation of plaintiff's federal constitutional or statutory rights. *Edelman v. Jordan*, 415 U.S. 651 (1974); *Ex Parte Young*, 209 U.S. 123, 159-60 (1908); *Central Reserve Life of North America Ins. Co.*, 852 F.2d 1158, 1161 (9th Cir. 1988). Thus, the Eleventh Amendment does not preclude suits against state officials for injunctive relief. See *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997); *Ex Parte Young*, 209 U.S. 123 (1908). In addition, the Eleventh

Amendment does not bar federal suits for violations of federal law or state law against state officials sued in their individual capacities for damages. *Scheuer v. Rhodes*, 416 U.S. 232, 238 (1974); *Ashker v. California Dep't. of Corrections*, 112 F.3d 392, 394 (9th Cir. 1997); Pena, 976 F.2d at 473-74.

Pursuant to this legal framework, Plaintiff is barred by the Eleventh Amendment from seeking damages from any of the Defendants in their official capacities, though she may seek prospective injunctive relief against them, assuming for the moment that Plaintiff is able to state a cognizable constitutional violation. Plaintiff does not seek prospective relief. Therefore, the official capacities claims shall be dismissed.

## **FINDINGS AND RECOMMENDATIONS**

Plaintiff has stated the following cognizable claim: Deliberate indifference to medical needs on February 11, 2014, against Defendant Mirelez for not giving Plaintiff her breathing treatment despite Plaintiff's need for the treatment and against Defendant Hoehing on February 11, 2014 for not assisting Plaintiff when Defendant came to Plaintiff's cell and Plaintiff was having an asthma attack. However, Plaintiff has failed to state any other properly joined and cognizable claims in this action, and the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

As the amended complaint is largely the same as the original complaint and Plaintiff was previously given leave to cure the identified deficiencies, but was unable or unwilling to do so and, further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

The Court **HEREBY RECOMMENDS** that (1) Plaintiff's claims against all other Defendants, and (2) all other claims against Defendant Mirelez and Hoehing be dismissed from this action without prejudice for the failure to state properly joined and cognizable claims upon which relief may be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of 28 U.S.C. §636 (b)(1)(B). Within **thirty**

**(30) days** after being served with these Finding and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 8, 2017**        /s/ *Barbara A. McAuliffe*
                                                      UNITED STATES MAGISTRATE JUDGE