# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LEE GAINES,<br><br>        Plaintiff,<br><br>   v.<br><br>BROWN, et al,<br><br>        Defendants. | Case No. 1:16-cv-01666-LJO-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS FINDING COGNIZABLE CLAIMS AGAINST DEFENDANTS MIRELEZ AND HOEHING AND RECOMMENDING DISMISSAL OF ALL OTHER CLAIMS AND DEFENDANTS<br><br>(ECF No. 20) |

Plaintiff Mary Lee Gaines ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 9, 2017, the Magistrate Judge issued findings and recommendations finding that Plaintiff's first amended complaint stated cognizable claims for deliberate indifference to medical needs against Defendant Mirelez for not giving Plaintiff her breathing treatment despite Plaintiff's need for the treatment on February 11, 2014, and against Defendant Hoehing for not assisting Plaintiff when Defendant came to Plaintiff's cell and Plaintiff was having an asthma attack on February 11, 2014. (ECF No. 20.) The Magistrate Judge recommended that Plaintiff's claims against all other Defendants, and all other claims against Defendants Mirelez and Hoehing, be dismissed without prejudice for failure to state properly joined and cognizable claims upon which relief may be granted. (Id.) Those findings and recommendations were served on Plaintiff

1

and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (Id.) Following three extensions of time, Plaintiff's objections were timely filed on March 5, 2018. (ECF No. 28.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

As indicated, the Court has reviewed Plaintiff's objections. Plaintiff merely lists the additional Eighth Amendment claims against the remaining defendants, which she alleges are cognizable. As Plaintiff was repeatedly informed, she may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff has provided no argument that justifies the joinder in this action of all claims regarding different breathing emergencies arising on different dates, spanning multiple years, involving different defendants.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The findings and recommendations issued on November 9, 2017, (ECF. No. 20), are adopted in full;
2. This action shall proceed on Plaintiff's first amended complaint for claims of deliberate indifference to medical needs against Defendant Mirelez for not giving Plaintiff her breathing treatment despite Plaintiff's need for the treatment on February 11, 2014, and against Defendant Hoehing for not assisting Plaintiff when Defendant came to Plaintiff's cell and Plaintiff was having an asthma attack on February 11, 2014;
3. Plaintiff's remaining claims against Defendants Mirelez and Hoehing, and all other claims and defendants, are dismissed from this action, without prejudice, for the failure to state properly joined and cognizable claims upon which relief may be granted; and

///

4. This action is referred back to the Magistrate Judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated: __**March 6, 2018**__         _____/s/ Lawrence J. O'Neill_____
                                   UNITED STATES CHIEF DISTRICT JUDGE