# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LEE GAINES,<br><br>    Plaintiff,<br><br>    v.<br><br>BROWN, et al,<br><br>    Defendants. | Case No. 1:16-cv-01666-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY<br><br>(ECF No. 38)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Mary Lee Gaines ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Mirelez and Hoehing for deliberate indifference to medical needs in violation of the Eighth Amendment.

On March 9, 2018, the undersigned issued an order finding service of the first amended complaint appropriate and forwarding service documents to Plaintiff for completion and return within thirty days. (ECF No. 30.) The Court has granted Plaintiff two extensions of time to file the appropriate service documents. (ECF Nos. 34, 37.)

**I.    Motion for Stay**

Currently before the Court is Plaintiff's motion to stay, filed July 16, 2018. (ECF No. 38.) Plaintiff states that she filed the instant action while physically and mentally disabled due to the statute of limitations imposed by the Prison Litigation Reform Act (PLRA). Plaintiff states that

1

she suffers from a variety of health conditions and disabilities which have confined her to a wheelchair and walker and required the use of an oxygen concentrator and C-PAP machine from 2010 to the present. Plaintiff also suffers from seizures and blackouts that cause mental problems and mental illness. Plaintiff contends that she is unable to continue proceeding *pro se* in this action due to her physical and mental illnesses at this time. Plaintiff argues that at the time the complaint was filed, she had the assistance of other prisoners, but since that time she has been confined to the SNF. Plaintiff states that she is only able to file motions for continuances in order to attempt to research and learn the law and civil procedure to file the required court documents. She has unsuccessfully sought the help of other inmates and an attorney. Plaintiff requests a stay of these proceedings until she is physically and mentally recovered, or has been appointed an attorney. (Id.)

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). "Generally, stays should not be indefinite in nature." Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066–67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. Yong v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000). The party seeking the stay bears the burden of establishing the need to stay the action. Clinton, 520 U.S. at 708.

Here, Plaintiff seeks a stay pursuant to Federal Rule of Civil Procedure 62(b), which allows a district court to stay the execution of a judgment or any proceedings to enforce a judgment. Fed. R. Civ. P. 62(b). Plaintiff has not received a judgment in these proceedings, and no defendant has been served. As such, Plaintiff is not entitled to a stay of the execution of any judgment.

In addition, Plaintiff has not carried her burden of establishing the need to stay this action. While the Court is sympathetic to Plaintiff's difficulties litigating this case in light of her physical and mental health issues, Plaintiff has not shown that her health issues prevent her from proceeding with this case, nor from responding to the Court's orders and seeking extensions of time where appropriate. The allegations in Plaintiff's motion support a further extension of time

to complete the necessary service documents, but do not warrant the stay sought here. Plaintiff has not specified the length of the requested stay, except that it should last "until she is not physically and mentally ill, or that an attorney is appointed to her case." (ECF No. 38, p. 4.) Given that Plaintiff alleges her health conditions began in 2010 and continue to the present day, the Court declines to order what amounts to an indefinite stay of this action.

The Court further notes that the only pending deadline in this action is the completion and return of the appropriate service documents, as discussed in the Court's March 9, 2018 order. (ECF No. 30.) This task does not require any legal research to complete, and Plaintiff has not specified exactly what additional assistance or accommodation she requires in order to complete these documents and return them to the Court. Therefore, the Court finds that a discrete extension of time, rather than an indefinite stay, will better serve the orderly course of justice.

**II.    Appointment of Counsel**

To the extent Plaintiff also moves for appointment of counsel, Plaintiff is informed that she does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request for the appointment of counsel, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that she has made serious allegations which, if proved, would entitle her to relief, her case is not exceptional. This Court is faced with similar cases filed by prisoners proceeding

*pro se* and suffering from various health conditions almost daily. These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although the Court has found that Plaintiff has stated cognizable claims against Defendants Mirelez and Hoehing, the Court has not determined that those claims have a likelihood of ultimately being successful.

Finally, based on a review of the limited record in this case, the Court does not find that Plaintiff cannot adequately articulate her claims. Plaintiff has set forth cognizable claims that are proceeding in this action, and has demonstrated the ability to request extensions of time for upcoming deadlines, supported by good cause.

### III. Conclusion and Order

Having considered Plaintiff's moving papers, Plaintiff's motion for stay, (ECF No. 38), is HEREBY DENIED.

Within **thirty (30) days** from the date of service of this order, Plaintiff shall submit completed service documents for Defendants Mirelez and Hoehing, as discussed in the Court's March 9, 2018 order. <u>Further extensions of time will not be granted without a showing of good cause, and Plaintiff should specifically identify the reasons for her failure to timely file completed service documents or to comply with the Court's order.</u> **Plaintiff's failure to comply with this order will result in dismissal of this action for failure to obey court orders and failure to prosecute**.

IT IS SO ORDERED.

Dated: __**July 19, 2018**__   /s/ *Barbara A. McAuliffe*
                                                                               UNITED STATES MAGISTRATE JUDGE