# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LEE GAINES,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>BROWN, *et al.*,<br><br>　　　　　　Defendants. | Case No. 1:16-cv-01666-NONE-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL, WITHOUT PREJUDICE<br>(ECF No. 64)<br><br>ORDER STRIKING IMPROPERLY FILED DOCUMENTS<br>(ECF Nos. 66, 67, 69)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO MOTION FOR ORDER REQUIRING PLAINTIFF TO POST SECURITY<br>(ECF No. 65)<br><br>ORDER GRANTING MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER<br>(ECF No. 70)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

**I.　　Introduction**

Plaintiff Mary Lee Gaines ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Mirelez and Hoehing for deliberate indifference to medical needs in violation of the Eighth Amendment.

///

1

| | |
|---|---|
| 1 | Discovery was opened in this action on March 5, 2019. (ECF No. 59.) Pursuant to the |
| 2 | Court's Discovery and Scheduling Order, dispositive motions were due on January 13, 2020. |
| 3 | (Id.) On May 1, 2019, Defendants filed a motion for order requiring Plaintiff to post security |
| 4 | under Local Rule 151(b). (ECF No. 60.) |
| 5 | On June 4, 2019, Plaintiff filed a motion to appoint counsel. (ECF No. 64.) On June 6, |
| 6 | 2019, Plaintiff filed a motion for a 30-day extension of time to file an opposition to Defendants' |
| 7 | motion for order requiring Plaintiff to post security. (ECF No. 65.) On June 21, 2019, Plaintiff |
| 8 | filed a second motion for a 60-day extension of time to file her opposition, together with her late- |
| 9 | filed opposition. (ECF No. 66.) On June 24, 2019, Plaintiff filed a second opposition to |
| 10 | Defendants' motion. (ECF No. 67.) |
| 11 | On July 1, 2019, Defendants filed a reply to Plaintiff's June 24, 2019 opposition. (ECF |
| 12 | No. 68.) It is unclear whether Defendants were also replying to Plaintiff's opposition filed on |
| 13 | June 21, 2019. |
| 14 | On July 2, 2019, Plaintiff filed a request for the Court and all parties to disregard the |
| 15 | opposition filed on June 24, 2019. (ECF No. 69.) |
| 16 | On January 7, 2020, Defendants filed a motion to modify the discovery and scheduling |
| 17 | order. (ECF No. 70.) Plaintiff has not yet filed an opposition, but the Court finds a response |
| 18 | unnecessary, and the motion is deemed submitted. Local Rule 230(l). |

**II.     Plaintiff's Motion to Appoint Counsel**

In her motion to appoint counsel, Plaintiff states that this case has become complicated and complex for her to litigate on her own due to her chronic medical conditions, hospitalizations, and the storage of her legal property away from her. Plaintiff argues that she suffers from chronic COPD, seizures, unconsciousness blackouts that all interfere with her litigation of this case, and she is not able to continue representing herself due to her illness at this time. Plaintiff therefore requests that the Court appoint counsel from the pro bono program to represent her in this action. (ECF No. 64.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954

n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that she has made serious allegations which, if proved, would entitle her to relief, her case is not exceptional. This Court is faced with similar cases filed by prisoners suffering from various medical conditions who are proceeding *pro se* and *in forma pauperis* almost daily. These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although the Court has determined Plaintiff has stated some claims which may proceed in litigation, it has not determined that those claims have a likelihood of ultimately being successful. Also, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate her claims. To the extent Plaintiff requires additional time to comply with relevant deadlines and court orders due to her health or other circumstances, she has previously demonstrated the ability to seek extensions of time and to articulate the reasons for her request, and she may continue to do so when appropriate.

**III.     Improperly Filed Documents**

As noted above, Plaintiff filed two separate oppositions to Defendants' pending motion, (ECF Nos. 66, 67), followed by a request for the Court to disregard the second opposition, (ECF No. 69).

///

Upon review of the docket and the specified documents, the Court notes certain irregularities in filing. The first opposition, filed June 21, 2019, though filed by Plaintiff *in pro per* and including Plaintiff's handwritten signature, was submitted electronically through the Court's CM/ECF system by a user named Christine Starkie. (ECF No. 66.) The second opposition, filed June 24, 2019, was submitted in paper, was also filed by Plaintiff *in pro per*, and included Plaintiff's handwritten signature. (ECF No. 67.)

The July 2, 2019 filing, though submitted by Plaintiff *in pro per*, was again electronically filed by Christine Starkie, and only includes Plaintiff's electronic signature. (ECF No. 69.) This document requests that the Court and the parties disregard the second opposition, filed June 24, 2019, and claims that it was mistakenly filed by another inmate who submitted the document prior to receiving communication from Plaintiff asking him to no longer file anything in her name. (Id.)

Pursuant to Local Rule 133, "[a]ny person appearing pro se may **not** utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." L.R. 133(b)(2) (emphasis in original). The rule also requires that all pro se parties file and serve paper documents. Id. As to signatures, all pleadings and non-evidentiary documents are required to be signed by the individual attorney for the party presenting them, or by the party involved if that party is appearing in propia persona, or pro se. Local Rule 133(b); Fed. R. Civ. P. 11(a). As such, filings that do not include the **original signature** of the filing pro se party cannot be considered by the Court. Local Rule 131; Fed. R. Civ. P. 11(a).

The Court has received no communication from Plaintiff indicating that she has retained counsel in this matter, and no attorney has made an appearance. Indeed, all of Plaintiff's recent filings clearly indicate that she continues to represent herself in this case. (See ECF Nos. 66, 67, 69.) Thus, Plaintiff is required to file all documents in paper, and is not permitted to utilize electronic filing except by permission of the assigned Judge or Magistrate Judge. As such permission was never sought or granted, the two documents submitted through the Court's CM/ECF system, (ECF Nos. 66, 69), were improperly filed, and will be stricken.

///

In addition, the document requesting that the Court disregard the second opposition filed under Plaintiff's name—the document which was **properly** filed, in paper—does not include Plaintiff's original signature, as required by Local Rule 131 and Federal Rule of Civil Procedure 11. The document is also improperly filed for this reason.

Finally, given the confusion surrounding the filing of these documents, including the allegation that the second opposition was filed without Plaintiff's knowledge or consent, the Court also finds it appropriate to strike the June 24, 2019 opposition, (ECF No. 67). Plaintiff will be permitted the opportunity to correctly re-file the appropriate opposition, as discussed below.

**IV.     Modification of Briefing Schedule and Dispositive Motion Deadline**

As the Court has stricken both of Plaintiff's purported oppositions to Defendants' pending motion, the Court finds it appropriate to grant Plaintiff a brief extension of the deadline to re-file her opposition, as requested in her June 6, 2019 motion for extension of time, (ECF No. 65). However, the Court finds that an extension of twenty-one (21) days, rather than thirty, is appropriate under the circumstances. Plaintiff need only re-file her preferred opposition, in paper, and including her original signature. To the extent Plaintiff wishes to revise one of her prior oppositions, she has already had more than seven months since the original filings to do so. Defendants may supplement or amend their response to Plaintiff's re-filed opposition, if necessary, no more than seven (7) days after the opposition has been docketed.

With respect to Defendants' motion to modify the March 5, 2019 discovery and scheduling order, pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

Defendants argue that because they will not need to file a substantive motion for summary judgment on the merits of Plaintiff's claims if the Court grants the pending motion for security, and until Plaintiff posts security if the motion is granted, good cause exists to vacate and reset the

January 13, 2020 dispositive motion deadline.  Defendants argue that they have acted diligently in litigating this case and in moving for an order requiring Plaintiff to post security before proceeding further in this action.  Vacating the current dispositive motion deadline would avoid unnecessary litigation costs, as Defendants would only file a dispositive motion on the merits of Plaintiff's claims if necessary.

Having considered Defendants' moving papers, the Court finds good cause to vacate the dispositive motion deadline in this action, and to continue the deadline until after resolution of Defendants' pending motion for order requiring Plaintiff to post security.  The Court further finds that the brief continuance granted here will not result in measurable prejudice to Plaintiff or to witnesses in a matter that has been pending since 2016.

**V.     Conclusion and Order**

As set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to appoint counsel, (ECF No. 64), is DENIED without prejudice;
2. Plaintiff's improperly filed documents, (ECF Nos. 66, 67, 69), are STRICKEN from the record;
3. Plaintiff's motion for extension of time to file opposition to Defendants' motion for order requiring Plaintiff to post security, (ECF No. 65), is GRANTED IN PART;
4. Plaintiff's opposition is due within **twenty-one (21) days** from the date of service of this order, and shall be filed in accordance with the Federal Rules of Civil Procedure and the Local Rules;
5. Defendants' amended or supplemental reply, if any, is due no more than **seven (7) days** following the docketing of Plaintiff's opposition;
6. Defendants' motion to modify the discovery and scheduling order, (ECF No. 70), is GRANTED;
7. The dispositive motion deadline is VACATED and will be reset following resolution of Defendants' pending motion for order requiring Plaintiff to post security; and
8. **Plaintiff's failure to comply with this order, including the filing of any documents electronically or without the required signature, will result in a recommendation of**

6

**dismissal of this action for failure to obey a court order**.

IT IS SO ORDERED.

Dated: **February 7, 2020**         /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE