# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LEE GAINES,<br><br>        Plaintiff,<br><br>   v.<br><br>BROWN, et al.,<br><br>        Defendants. | 1:16-cv-01666-NONE-BAM (PC)<br><br>ORDER REQUIRING ATTORNEY CHRISTINE STARKIE TO FILE WRITTEN RESPONSE CLARIFYING ROLE IN INSTANT ACTION<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

      Plaintiff Mary Lee Gaines ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Mirelez and Hoehing for deliberate indifference to medical needs in violation of the Eighth Amendment.

      On May 1, 2019, Defendants filed a motion for order requiring Plaintiff to post security under Local Rule 151(b). (ECF No. 60.)

      Plaintiff filed two separate oppositions to Defendants' pending motion, (ECF Nos. 66, 67), followed by a request for the Court to disregard the second opposition, (ECF No. 69). Although all documents were purportedly filed by Plaintiff *in pro per*, both the first opposition and the request to disregard the second opposition were filed electronically through the Court's CM/ECF system by a user named Christine Starkie. (See Docket Entries for ECF Nos. 66, 69.)

      Pursuant to Local Rule 133, "[a]ny person appearing pro se may **not** utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." L.R. 133(b)(2)

(emphasis in original). The rule also requires that all pro se parties file and serve paper documents. Id.

The Court has received no communication from Plaintiff indicating that she has retained counsel in this matter, and no attorney has made an appearance. Indeed, all of Plaintiff's recent filings, including the two electronically-filed documents, indicate that she continues to represent herself in this case. (See ECF Nos. 66, 69.) Accordingly, on February 7, 2020, the Court ordered that the electronically-filed documents be stricken from the record.

However, these improperly filed documents have raised questions regarding Plaintiff's apparent *pro se* status as well as the role of attorney Christine Starkie. Therefore, the Court finds it appropriate to direct Christine Starkie to file a written response clarifying her role, if any, in the instant action. Ms. Starkie should specifically address the apparent filing of documents, for a *pro se* litigant, using her CM/ECF account, in an action where she has not appeared as counsel.

Accordingly, it is HEREBY ORDERED, as follows:

1. Attorney Christine Starkie shall file a written response clarifying her role in this action, as discussed herein, within **twenty-one (21) days** from the date of service of this order;
2. The Clerk of the Court is directed to serve this order on Christine Starkie at the following mailing address:[1]

    **The Law Offices of Christine Starkie**
    **P.O. Box 470215**
    **San Francisco, CA 94147**

3. Any request for an extension of time to comply with this order will require a showing of good cause.

IT IS SO ORDERED.

Dated:   **February 12, 2020**          /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The Court takes judicial notice of the mailing address listed for Christine Starkie, Bar #226354, obtained from the website for the State Bar of California on February 12, 2020.

2