# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LEE GAINES,<br><br>    Plaintiff,<br><br>    v.<br><br>BROWN, *et al.*,<br><br>    Defendants. | Case No. 1:16-cv-01666-NONE-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S FIFTH MOTION FOR EXTENSION OF TIME TO OPPOSE DEFENDANTS' MOTION FOR ORDER REQUIRING PLAINTIFF TO POST SECURITY<br>(ECF No. 85)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR ORDER REQUIRING PLAINTIFF TO POST SECURITY<br>(ECF No. 60)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Mary Lee Gaines ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Mirelez and Hoehing for deliberate indifference to medical needs in violation of the Eighth Amendment.

On May 1, 2019, Defendants filed a motion for order requiring Plaintiff to post security under Local Rule 151(b). (ECF No. 60.)  Plaintiff attempted to file oppositions on June 21, 2019, and June 24, 2019.  (ECF Nos. 66, 67.)  Defendants filed a reply on July 1, 2019.  (ECF No. 68.)  On July 2, 2019, Plaintiff filed a request for the Court and all parties to disregard the opposition

filed on June 24, 2019.  (ECF No. 69.)

On February 7, 2020, the Court found that Plaintiff had improperly filed certain documents, either by lack of signature or by attempting to electronically file documents as a *pro se* litigant, and ordered these documents, (ECF Nos. 66, 67, 69), stricken from the record.  (ECF No. 72.)  As explained in the declaration of Attorney Christine Starkie, Plaintiff had received pro bono legal assistance from Ms. Starkie, who was employed at a nonprofit organization called Justice Now, in the form of research, advice, and the drafting and filing of an opposition to Defendants' motion for an order requiring Plaintiff to post security.[1]  (ECF No. 77, p. 1.)

The Court therefore granted Plaintiff twenty-one days to properly file her opposition to Defendants' pending motion.  (ECF No. 72.)  Thereafter, the Court granted Plaintiff four extensions of time to properly file her opposition to the pending motion.  (ECF Nos. 76, 80, 82, 84.)  In the order granting Plaintiff's fourth extension of time, Plaintiff was warned that any future requests for extension of this deadline would be subject to a narrow interpretation of what constitutes good cause.  (ECF No. 84, p. 2.)  Plaintiff was further instructed that any future requests for extension of this deadline must describe what attempts she has made to access the law library at her institution, the result of those attempts, and what specific further research or other acts must be accomplished before her opposition could be completed and submitted to the

---

[1] In their opposition to Plaintiff's motion for extension of time, Defendants indicate in a footnote that they contacted Justice Now on December 11, 2019.  (ECF No. 87, p. 3, n. 1.)  The Director of Justice Now apparently indicated that the organization could not represent Plaintiff until they hired another attorney.  Defendants state that because there was no indication that Justice Now had withdrawn as Plaintiff's counsel, defense counsel has considered Plaintiff a represented party.  (Id.)

It is unclear to the Court what Defendants are attempting to convey by this footnote.  Although it should not require clarification, in an abundance of caution, the Court notes for the benefit of Defendants that Plaintiff remains, and has been throughout this litigation, a *pro se* litigant.  It was for this reason that Plaintiff's improper filings from Attorney Starkie were stricken from the record—she had never made a proper appearance on behalf of Plaintiff in this matter.  (ECF No. 72.)  Thus, no withdrawal from Attorney Starkie or any other representative of Justice Now is required.

Further, this assertion from Defendants contradicts their own filing, made after December 11, 2019 but before Attorney Starkie's written clarification to the Court on March 13, 2020, wherein Defendants served Plaintiff, by First-Class Mail and "In Pro Per" with their January 7, 2020 motion to modify the discovery and scheduling order.  (ECF No. 70-3.)

Court. (Id.)

## II.      Plaintiff's Fifth Motion for Extension of Time

On July 21, 2020, Plaintiff filed her fifth motion for extension of time to file her opposition to Defendants' motion for order requiring Plaintiff to post security. (ECF No. 85.) Defendants filed an opposition on August 4, 2020. (ECF No. 87.) Plaintiff has not yet had the opportunity to file a reply, but the Court finds a reply unnecessary, and the motion is deemed submitted. Local Rule 230(l).

In her motion, Plaintiff states that due to the COVID-19 pandemic, she has been very limited in obtaining access to the prison law library in order to research, complete, and file her opposition. (ECF No. 85.) In addition, Plaintiff states that she has been hospitalized in Madera General Hospital between May 1, 2020, and June 1, 2020, without access to her legal documents. Plaintiff requests a fifth extension of time, from July 14, 2020 to August 14, 2020, in order to file her opposition. (Id.)

In opposition, Defendants argue that Plaintiff has failed to comply with the express requirements set forth in the Court's June 18, 2020 order, as she did not describe her attempts to access the law library at her institution, the response of prison officials, or any other steps that she took during that time, including what legal research she still needed to complete. (ECF No. 87.) In addition, Defendant argues that Plaintiff misled the Court in her previous requests for extension of time because the requests were based on false and misleading information. While Plaintiff claims that she was hospitalized for a month, between May and June 1, 2020, Defendants attach Plaintiff's "External Movement History" showing that Plaintiff was hospitalized for a total of only eight days between March 1, 2020 and July 31, 2020. (ECF No. 87-1, p. 4.) Defendants reiterate that Plaintiff is a vexatious litigant under California law, and the request for a further extension of time should be denied. Defendants also argue that because the motion for an order requiring Plaintiff to post security stands unopposed, the Court should grant the motion. (ECF No. 87.)

As noted above, Plaintiff received pro bono legal assistance in the original research, drafting, and filing of her opposition to Defendants' motion. (ECF No. 77.) The Court explained

3

in the order granting Plaintiff's fourth extension of time that the opposition was stricken from the record based on purely procedural grounds, specifically because Plaintiff had not properly signed the opposition or submitted it as a paper—rather than electronic—filing. (ECF No. 84, p. 2.) The Court further noted that Plaintiff has not explained why she requires such extensive law library access for the purpose of researching and completing an opposition that was already researched, completed, and filed more than a year ago. (See ECF No. 66.)

Plaintiff's fifth motion for extension of time is nearly identical to her fourth request. Indeed, Plaintiff again references her hospitalization from May 1 to June 1, 2020, but this has no bearing on the instant request, as Plaintiff's hospitalization had ended well before the Court granted Plaintiff's fourth extension of time. (See ECF No. 84 (issued June 18, 2020).) Further, it appears from the External Movement History provided by Defendants that Plaintiff was only hospitalized between March 9, 2020 through March 14, 2020, and from May 22, 2020 through May 26, 2020. (ECF No. 87-1, p. 4.)

Finally, Plaintiff makes no effort to address the issues the Court previously identified, failing again to explain why she requires additional time to perform research in the law library, what efforts she has made to access the law library, and what additional steps are required for the completion of her opposition.

The deadline for Plaintiff to re-file her opposition expired more than five months ago. Plaintiff may not seek unlimited extensions of time for a matter that should require no more than copying, signing, and mailing a brief that was completed over a year ago. **In addition, in light of Plaintiff's apparent misrepresentations to the Court regarding her hospitalizations, Plaintiff is admonished that future requests for extension of time for any deadline in this matter may be held to a narrower interpretation of what constitutes good cause beginning with the first request**. Accordingly, the Court finds that Plaintiff has failed to demonstrate good cause for the instant request, and Plaintiff's fifth motion for extension of time is denied.

**III.    Defendants' Motion for Order Requiring Plaintiff to Post Security**

    **A.    Introduction**

Defendants seek to have Plaintiff ordered to post security under Local Rule 151(b) or, in

the alternative, dismiss this case on the basis that Plaintiff has no reasonable probability of prevailing in this litigation. (ECF No. 60.) As discussed above, despite being granted numerous extensions of time, Plaintiff has failed to properly or timely file an opposition, and the motion is therefore deemed submitted. Local Rule 230(l).

Local Rule 151(b) provides:

> On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate. The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.

**B.      Defendants' Request for Judicial Notice**

Defendants request that the Court take judicial notice of the following court dockets, documents, orders, and proceedings:

1. Gaines v. Lewis, Madera County Superior Court Case No. MCV074759 Docket; Order and Judgment Dismissing Plaintiff's Complaint, September 7, 2018.
2. Gaines v. Greenberg, Northern District of California Case No. 3:17-cv-05720-RS Docket; Order and Judgment Dismissing Plaintiff's Complaint for failure to state a claim, November 21, 2017, ECF Nos. 14–15.
3. Gaines v. Greenberg, Alameda County Superior Court Case No. RG17854239 Docket; Order and Judgment Dismissing Plaintiff's Complaint, October 23, 2017.
4. Gaines v. Lwin, *et al.*, Eastern District of California Case No. 1:16-cv-00168 Docket; Judgment, December 15, 2016, ECF Nos. 17, 25–26.
5. Gaines v. Lwin, *et al.*, Ninth Circuit Case No. 17-15142 Docket, Memorandum of USCA Affirming District Court, October 3, 2017, ECF No. 13; Mandate of USCA, October 25, 2017, ECF No. 14.

Judicial notice may be taken of undisputed matters of public record, including documents on file in federal or state courts. Fed. R. Evid. 201; Harris v. Cty. of Orange, 682 F.3d 1126, 1131–32 (2012). Accordingly, Defendants' request for judicial notice, (ECF No. 60-5), is GRANTED.

**C.     Analysis**

   **1.     Legal Standards – Federal Law**

Local Rule 151(b) is a procedural rule which allows courts in this district to impose payment of a security upon a finding of vexatiousness.  However, Defendants cite only to the state statutory definition of vexatiousness to support a finding that Plaintiff is a vexatious litigant. See Smith v. Officer Sergent, 2016 WL 6875892, at *2 (E.D. Cal., Nov. 21, 2016) (the court looks to federal law, not state law, to define a vexatious litigant"); see also Cranford v. Crawford, 2016 WL 4536199, at *3 (E.D. Cal., Aug. 31, 2016) (". . . the state statutory definition of vexatiousness is not enough to find a litigant vexatious in federal court."); Goolsby v. Gonzales, 2014 WL 2330108, at *1-2 (E.D. Cal., May 29, 2014) report and recommendation adopted 2014 WL 3529998 (E.D. Cal., July 15, 2014) ("Under federal law, however, the criteria under which a litigant may be found vexatious is much narrower.  While Local Rule 151(b) directs the Court to look to state law for the *procedure* in which a litigant may be ordered to furnish security, this Court looks to federal law for the definition of vexatiousness, and under federal law, the standard for declaring a litigant vexatious is more stringent. . . . [T]he mere fact that a plaintiff has had numerous suits dismissed against him is an insufficient ground upon which to make a finding of vexatiousness.").

This Court has inherent power under the All Writs Act, 28 U.S.C. § 1651 to enter pre-filing orders against vexatious litigants, De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990); Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007), and to sanction parties or their attorneys for improper conduct. Chambers v. Nasco, Inc., 501 U.S. 32, 43–46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).  This sanction authority is discretionary, Air Separation, Inc. v. Underwriters at Lloyd's of London, 45 F.3d 288, 291 (9th Cir. 1995), and "'extends to a full range of litigation abuses,'" Fink, 239 F.3d at 992 (quoting Chambers, 501 U.S. at 46–47).

Sanctions may be imposed under a court's inherent authority on "parties appearing before it for acting in bad faith, vexatiously, wantonly, or for oppressive reasons," Sassower v. Field, 973 F.2d 75, 81-82 (2d Cir. 1992), cert. denied, 507 U.S. 1043 (1993), as well as for delaying or

disrupting litigation, or for taking actions in the litigation for an improper purpose—all of which are abusive of the judicial process, Chambers, 501 U.S. at 43–45.  However, because of their very potency, inherent powers must be exercised with restraint and discretion.  Id., at 44.  The litigant to be sanctioned must be found to have engaged either "in bad faith or willful disobedience of a court's order," id., at 46–47, or conduct which constitutes, or is tantamount to, bad faith, Roadway Express, 447 U.S. at 767; Miller v. City of Los Angeles, 661 F.3d 1024, 1036 (9th Cir. 2011); Gomez v. Vernon, 255 F.3d 1118, 1134 (9th Cir. 2001), cert. denied, 534 U.S. 1066 (2001); Fink, at 993–94.

"Bad faith" means a party or counsel acted "vexatiously, wantonly or for oppressive reasons." Chambers, 501 U.S. at 45–46.  Bad faith "does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar assessment of attorneys' fees." Mark Ind., Ltd. v. Sea Captain's Choice, Inc., 50 F.3d 730, 732 (9th Cir. 1995) (internal quotation marks and citations omitted).

Under federal law, litigiousness alone is insufficient to support a finding of vexatiousness. See Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990) (the plaintiff's claims must not only be numerous, but also be patently without merit).  The focus is on the number of suits that were frivolous or harassing in nature, rather than merely on the number of suits that were adversely decided. See De Long, 912 F.2d at 1147–48 (before a district court issues a pre-filing injunction against a *pro se* litigant, the court must find the litigant's actions frivolous or harassing).  The Ninth Circuit has defined vexatious litigation as "without reasonable or probable cause or excuse, harassing, or annoying." Microsoft Corp. v. Motorola, Inc., 696 F.3d 872, 886 (9th Cir. 2012). Accordingly, the mere fact that a party has had numerous prior suits dismissed is insufficient to find him vexatious under Ninth Circuit precedent.

**2.     Discussion**

Defendants argue that because Plaintiff meets California's vexatious litigant definition, this Court should find that she is a vexatious litigant and require Plaintiff to post security.  (ECF No. 60-1, p. 10.)  Defendants rely almost exclusively on California law and do not address federal

substantive law requirements to show bad faith or willful disobedience of a court's order by Plaintiff.  (See ECF No. 60-1, pp. 2–5.)  The only evidence and arguments submitted by Defendants show that Plaintiff has filed a handful of lawsuits which have been dismissed for various reasons over the years.  (Id. at 5.)

Of the cases cited by Defendants, only two were dismissed with prejudice for Plaintiff's failure to state a cognizable claim.  (Gaines v. Greenberg, N.D. Cal. Case No. 3:17-cv-05720-RS; Gaines v. Lwin, et al., E.D. Cal. Case No. 1:16-cv-00168.)  One case was dismissed without prejudice after Plaintiff filed a motion for voluntary dismissal.  (Gaines v. Greenberg, Alameda County Superior Court Case No. RG17854239.)  One case was dismissed for Plaintiff's failure to file an amended complaint within the time allowed after the court sustained Defendants' demurrer with leave to amend.  (Gaines v. Lewis, Madera County Superior Court Case No. MCV074759.)  The final case cited was an appeal where the Ninth Circuit Court of Appeals summarily affirmed the district court's order dismissing Plaintiff's complaint for failure to state a claim.  (Gaines v. Lwin, 9th Cir. Case No. 17-15142.)

To sanction a litigant under the court's inherent powers, the Court must make a specific finding of "bad faith or conduct tantamount to bad faith." Fink, 239 F.3d at 994.  Voluntary dismissal, either of a claim or an entire action, is not tantamount to bad faith.  Failure to file an amended complaint in compliance with a court's order also does not equate to bad faith.  Defendants have not argued, and the Court has no basis before it to make a specific finding of bad faith, or to declare Plaintiff a vexatious litigant under federal law.

Accordingly, Defendants have failed to meet their burden to demonstrate that Plaintiff is a vexatious litigant under the applicable federal standards to warrant requiring security under Local Rule 151(b).  Based on the foregoing, the Court recommends denying Defendants' motion.  The Court also recommends doing so without prejudice as Defendants may choose to file a motion requesting that Plaintiff be declared a vexatious litigant under federal standards.  Because Defendants have not argued that Plaintiff is a bad faith litigant under federal law, the Court does not comment on the merits of such a motion.

///

**IV.     Conclusion and Recommendation**

As discussed above, Plaintiff's motion for a fifth extension of time to file her opposition, (ECF No. 85), is HEREBY DENIED.

Furthermore, the Court HEREBY RECOMMENDS that Defendants' motion for order requiring Plaintiff to post security, (ECF No. 60), be denied without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **August 6, 2020**          /s/ Barbara A. McAuliffe         
                                    UNITED STATES MAGISTRATE JUDGE