UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LEE GAINES,<br><br>          Plaintiff,<br><br>     v.<br><br>BROWN, *et al.*,<br><br>          Defendants. | No.  1:16-cv-01666-NONE-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR ORDER REQUIRING PLAINTIFF TO POST SECURITY<br><br>(Doc. Nos. 60, 88) |

Plaintiff Mary Lee Gaines is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on plaintiff's first amended complaint against defendants Mirelez and Hoehing for deliberate indifference to plaintiff's medical needs in violation of the Eighth Amendment.

On August 6, 2020, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion for order requiring plaintiff to post security, (Doc. No. 60), be denied without prejudice.  (Doc. No. 88.)  Specifically, the magistrate judge found that defendants relied solely on California law to argue that plaintiff was a vexatious litigant but "d[id] not address federal substantive law requirements to show bad faith or willful disobedience of a court's order by Plaintiff."  (*Id.* at 7–8.)  On August 13, 2020, defendants filed objections to the pending findings and recommendations.  (Doc. No. 89.)  Plaintiff has not filed a response.

/////

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including defendants' objections, the court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis.

In their objections, defendants contend that Local Rule 151(b) specifically adopts the portions of the California Code of Procedure related to vexatious litigants, and pursuant to this local rule, courts in the Eastern District have applied the California definition of a vexatious litigant when ordering plaintiffs to post security. Moreover, defendants argue that the magistrate judge erred here in relying on unpublished district court decisions that rely on the decision in *DeLong v. Hennessey*, 912 F.2d 1144, 1149 (9th Cir. 1990), because *DeLong* does not apply to defendants' motion for an order to post security since defendants moved only for an order requiring plaintiff to post security in this action, rather than for the issuance of a pre-filing order with respect to future litigation. (Doc. No. 89, pp. 4–5.)

As to defendants' objection that the magistrate judge erred in her analysis of the applicable law, the court finds that defendants are incorrect. Local Rule 151(b) states:

> On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate. The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.

"While Local Rule 151(b) directs the Court to look to state law for the *procedure* in which a litigant may be ordered to furnish security, this Court looks to federal law for the definition of vexatiousness." *Goolsby v. Gonzales*, Case No. 1:11-cv-00394-LJO-GSA, 2014 WL 2330108, at *1 (E.D. Cal. May 29, 2014), *report and recommendation adopted*, No. 1:11-cv-00394-LJO-GSA, 2014 WL 3529998 (E.D. Cal. July 15, 2014). "[U]nder federal law, the standard for declaring a litigant vexatious is more stringent" than the standard under California law." *Id.*

Defendants argue that in other cases, judges of this court have applied the standard under California law to the vexatiousness determination. (*See* Doc. No. 89, p. 4.) The cited opinions,

2

however, are not binding decisions, nor do they address the fact that Local Rule 151(b) incorporated Title 3A, part 2 of the California Code of Civil Procedure "as a *procedural* Rule," as opposed to a substantive one.

Further, defendants have failed to acknowledge other decisions by this court, including by the undersigned, where judges explicitly rejected defendants' attempts to require plaintiffs to post security under California's standard for declaring one a vexatious litigant. *See, e.g.*, *Garcia v. Baldwin*, No. 1:19-cv-00184-DAD-SAB (PC), 2020 WL 402017 (E.D. Cal. Jan. 24, 2020); *Hammler v. Hudson*, No. 2:16-cv-01153-JAM-EFB P, 2018 WL 1960766 (E.D. Cal. Apr. 26, 2018); *Trujillo v. Gomez*, No. 1:14-cv-01370-LJO-EPG (PC), 2018 WL 1157563 (E.D. Cal. Mar. 5, 2018).

The pending findings and recommendations correctly note that under federal law "the simple fact that a plaintiff has filed a large number of complaints, standing alone, is not a basis for designating a litigant as 'vexatious.'" *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1061 (9th Cir. 2007). "The plaintiff's claims must not only be numerous, but also patently without merit." *Id.* at 1051 (internal quotation marks and citation omitted). "The focus is on the number of suits that were frivolous or harassing in nature rather than on the number of suits that were simply adversely decided." *Cranford v. Crawford*, No. 1:14-cv-00055-AWI-MJS (PC), 2016 WL 4536199, at *2 (E.D. Cal. Aug. 31, 2016).

Here, the magistrate judge correctly found that defendants' mere citing to five actions that plaintiff previously filed is not a sufficient basis upon which to designate her a vexatious litigant, especially in light of the magistrate judge's finding that of those cases, "only two were dismissed with prejudice for Plaintiff's failure to state a cognizable claim," while "[o]ne case was dismissed without prejudice after Plaintiff filed a motion for voluntary dismissal" and "[o]ne case was dismissed for Plaintiff's failure to file an amended complaint within the time allowed." (Doc. No. 88, p. 8.)

Accordingly,

1. The findings and recommendations issued on August 6, 2020, (Doc. No. 88), are adopted in full;

3

2. Defendants' motion for an order requiring plaintiff to post security, (Doc. No. 60), is denied without prejudice to defendants filing another motion for order requiring plaintiff to post security that is consistent with the federal standards for determining whether a litigant is vexatious; and

3. This action is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **October 2, 2020**               /s/ Dale A. Drozd
                                           UNITED STATES DISTRICT JUDGE