# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LEE GAINES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BROWN, *et al.*,<br><br>　　　　Defendants. | Case No. 1:16-cv-01666-NONE-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR FOURTH EXTENSION OF TIME TO FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT<br>(ECF No. 100)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDER<br>(ECF No. 99)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Mary Lee Gaines ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Mirelez and Hoehing for deliberate indifference to medical needs in violation of the Eighth Amendment. For the reasons that follow, the Court recommends that this action be dismissed, with prejudice.

**I.　　Background**

On December 16, 2020, Defendants filed a motion for summary judgment. Fed. R. Civ. P. 56. (ECF No. 92.) Plaintiff was provided with notice of the requirements for opposing a

1

| | |
|---|---|
| 1 | motion for summary judgment. *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, |
| 2 | 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988). |
| 3 | (ECF No. 92-1.)  Following three extensions of time, Plaintiff's opposition was due on or before |
| 4 | April 25, 2021.  (ECF No. 99.) |

## II. Plaintiff's Motion for Fourth Extension of Time to File Opposition

In the order granting Plaintiff's third extension of time, the Court noted that the original deadline for Plaintiff to file her opposition was nearly three months prior, Plaintiff's motions for extension of time had been cursory and brief, and in light of Plaintiff's history of repeatedly requesting extensions of time, were no longer sufficient to present good cause for further extensions.  Accordingly, the Court warned Plaintiff that any future requests for extension of this deadline would be subject to a narrow interpretation of what constitutes good cause.  Plaintiff was advised that in any future such request, she must describe what attempts she has made to access the law library at her institution, the results of those attempts, how many times she has successfully accessed the law library, and what specific further research or other acts must be accomplished using law library services before her opposition could be completed and submitted to the Court.  Further, Defendants would be given an opportunity to oppose any further requests for extension of time.  (*Id.*)

On April 26, 2021, Plaintiff filed a motion for a fourth extension of time to file her opposition. (ECF No. 100.)  Despite the Court's warning, Plaintiff's motion is nearly identical to, and just as cursory as, her previous motions for extension of time.  (*See* ECF Nos. 94, 96, 98.) Plaintiff again alleges that she continues to experience limited and no access to the prison law library due to the COVID-19 pandemic, where the prison is constantly on lockdown since February 2019[1] with the continued prison law library closure, and illness of COPD complications that delay Plaintiff in her legal research.  (ECF No. 100.)  Plaintiff requests another thirty-day extension of time.  (*Id.*)

---

[1] As the Court has previously noted, and despite what Plaintiff has repeatedly argued in her motions, the COVID-19 pandemic did not begin affecting prison programming until approximately February **2020**.  (*See* ECF No. 99 at 2.)

2

Defendants filed an opposition on May 12, 2021. (ECF No. 101.) Defendants argue that the law library at the Central California Women's Facility ("CCWF"), where Plaintiff has been incarcerated throughout this action, is available to Plaintiff and she has simply failed to use it. Defendants submit a declaration in support from the Senior Legal Law Librarian at CCWF, R. Oldfield, who asserts that during the ongoing pandemic, the CCWF law library has been open by appointment and operating under a modified program for more than six months. (ECF No. 101-1.) Under the modified program, only inmates with pending deadlines and PLU status may access the law library. According to the library's PLU log and the Library Ducat List, Plaintiff did not apply for PLU status or request law library time within the last sixty days at CCWF. (*Id.*)

The deadline for Plaintiff to file a reply to Defendants' opposition was May 24, 2021. The Court has not received any communication from Plaintiff. The motion is therefore deemed submitted. Local Rule 230(l).

Plaintiff was warned that any future requests for extension of the deadline to file her opposition would be subject to a narrow interpretation of what constitutes good cause, and specifically instructed as to the information she would need to provide to meet that standard. Nevertheless, Plaintiff presented the same conclusory allegations that she was experiencing limited to no access to the law library at her institution, with no further explanation. In addition, Defendants' unrebutted opposition demonstrates that Plaintiff has failed to even request law library access or PLU status for at least the last sixty days.

It is now nearly five months from the original deadline for Plaintiff to file her opposition. Furthermore, it is also two weeks past the extended deadline proposed in Plaintiff's motion for fourth extension of time, and Plaintiff has not submitted her opposition or a further request for an extension of the deadline. Plaintiff was provided multiple opportunities to oppose Defendants' motion for summary judgment, and was warned that if she failed to file an opposition or a motion for extension of time that met the required good cause standard, this case would be subject to dismissal. Plaintiff has failed to submit any response to Defendants' motion for summary judgment and has not otherwise presented good cause for further extending the deadline for her response.

**III. Discussion**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditions resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988).

Here, the action has been pending for more than four years, and Plaintiff's response or opposition to Defendants' motion for summary judgment is overdue. Plaintiff is obligated to comply with the Local Rules and was informed by Defendants of the need to oppose a motion for summary judgment. Despite Plaintiff's duty to comply with all applicable rules and Defendants' notice, Plaintiff did not file a proper opposition. Plaintiff instead requested numerous cursory extensions of time and was warned by the Court that failure to present good cause for any further requests would result in dismissal of this action. Plaintiff has filed yet another cursory request, and has failed to address Defendants' contention that she has not requested access to the law library in the past sixty days. The Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal of this action.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Because public policy favors disposition on the merits, the fourth factor usually weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives requirement." *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's March 29, 2021 order granting Plaintiff's motion for third extension of time to file her opposition expressly warned Plaintiff that if she failed to file an opposition or a motion for extension of time that meets the good cause standard provided, her case would be subject to dismissal due to Plaintiff's failure to oppose the motion for summary judgment and failure to prosecute. (ECF No. 99, p. 3.) Thus, Plaintiff had adequate warning that dismissal of this action could result from her noncompliance. At this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating this case.

In summary, Plaintiff is no longer prosecuting this action, and the Court cannot afford to expend resources resolving unopposed dispositive motions in a case which Plaintiff is no longer prosecuting.

**IV.  Order and Recommendation**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for a fourth extension of time to file an opposition to Defendants' motion for summary judgment, (ECF No. 100), is DENIED.

Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to prosecute and for failure to obey a court order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 7, 2021**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE